# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LENARD HARRIS,                )
                              )
    Petitioner,              )
                              )
v.                            )   Case No. CV406-158
                              )
SHERIFF AL ST. LAWRENCE,      )
                              )
    Respondent.              )

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed without prepayment of the $5.00 filing fee. Docs. 1, 2. As it appears that petitioner lacks the resources to pay the filing fee, his motion to proceed *in forma pauperis* is **GRANTED**.

In the instant § 2254 petition, petitioner lists five grounds for relief but submits no factual allegations for consideration by the Court. Instead, petitioner simply references and loosely quotes from the First, Fifth, Sixth, Eighth, and Fourteenth Amendments without any explanation of how those constitutional provisions were infringed. Such conclusory allegations, unsupported by any facts, do not comply with the rules governing § 2254

proceedings[1] or entitle petitioner to any relief.  See Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (noting that notice pleading is not sufficient for habeas petition) (citing Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases); Beard v. Clarke, 18 Fed. Appx. 530, 531, 2001 WL 1006104, *1 (9th Cir. Aug. 29, 2001) (affirming dismissal of habeas petition which raised conclusory allegations unsupported by any facts); Rule 2, Rules Governing § 2254 Cases (requiring petitioner to state "facts supporting each ground" and "relief requested").  A § 2254 petition devoid of any factual support is subject to dismissal without prejudice.

Furthermore, under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").  A state prisoner is required to allow the state court an

---

[1] Petitioner has also ignored the clear instructions on his § 2254 form petition, which emphasizes: "Summarize briefly the facts supporting each ground." Doc. 1 at 5 (emphasis in original).

opportunity to correct a constitutional error before a federal court may consider the case. Id. at 842.

Here, petitioner was convicted in the Chatham County Superior Court on April 26, 2006, less than four months ago. He states that he has appealed the judgment but does not know the result or final date of such an appeal, suggesting his appellate process has not concluded. Petitioner has clearly deprived the state courts of a fair opportunity to address his claims, whatever they may be, before bringing his petition to this Court. Accordingly, the Court recommends that the instant petition be **DISMISSED** without prejudice for failure to present any factual allegations for relief and for failure to exhaust state remedies, so that petitioner may pursue the appropriate remedies in state court.[2]

**SO REPORTED AND RECOMMENDED** this 8th day of **August, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court advises petitioner that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" will toll the statute. 28 U.S.C. § 2244(d)(2).

3